UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RICHARD MAHOGANY, JR.                                        CIVIL ACTION

VERSUS                                                                  NO. 06-3980

SHERYL MUWWAKKIL ET AL.                                SECTION "I" (2)

## REPORT AND RECOMMENDATION

Plaintiff, Richard Mahogany, Jr., is a convicted rapist currently incarcerated in the B.B. "Sixty" Rayburn Correctional Center ("Rayburn") in Angie, Louisiana. He filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 against five defendants, alleging that their application of a Louisiana Department of Corrections ("DOC") regulation that restricts the release of prison medical records is unconstitutional and is impeding his ability to pursue a civil lawsuit. He seeks damages and injunctive relief. Record Doc. No. 1 (Complaint at ¶ V).

On October 5, 2006, I conducted a telephone conference in this matter. Participating were plaintiff pro se and Rose Wooden, Assistant Louisiana Attorney General, counsel for defendants. Plaintiff was sworn and testified for all purposes permitted by Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985), and its progeny.

## **THE RECORD**

Mahogany testified that he is currently incarcerated in Rayburn based upon his conviction for rape in 1995, for which he was resentenced in 1999 from the original sentence of life in prison to a new sentence of 25 years in prison. He summarized his claim in this case as an allegation that a DOC regulation is unconstitutional as applied to him because a DOC regulation cannot override the order of a state court. He also stated that prison officials will not assist him in locating his witnesses, despite a court order. He confirmed the allegation in his written submissions that defendants' actions are impeding his ability to prosecute a civil suit that he had previously filed in the 33rd Judicial District Court in Allen Parish, Louisiana.

Asked about the status of his state court civil suit, Mahogany described it as a single case, "a sexual assault that happened to me in the Allen Correctional Center," and said that he is the plaintiff in that case. He testified that the case remains pending. He could not remember the name of the presiding judge.

Plaintiff confirmed that he has submitted to this court the responses of prison officials to his grievances and requests, and that those responses indicate that, in response to the state court's orders, prison officials have sent his medical records to the presiding state court judge in connection with his claim. He testified that he had not been provided with anything from the court or anyone else to show that prison officials actually had

done so, except for the responses to his grievances.  "Still," he said, "the court order was clear. . . .  Them [sic] taking the documents themselves and sending them to the court to make another decision doesn't make any sense."

He confirmed that the state court judge in Allen Parish who is presiding over his civil suit had <u>not</u> found prison officials in violation of his order.  Mahogany said that he had filed a motion to compel, "but it's on hold, it's pending because of some statutory rule dealing with the indigency [sic]."

Asked if his claim in the instant case is that the DOC rule is unconstitutional because it infringes his right of access to the courts, he said, "It's unconstitutional because it takes away the jurisdiction of the court.  Under the Louisiana Constitution, they cannot draft a Department of Corrections regulation that takes jurisdiction away from the courts. . . . The court made a decision.  Now, they're saying that the Department of Corrections regulation overrides that decision."  He said his claim is that the regulation violates the Louisiana Constitution and "deprives me of the opportunity to prosecute my case.  It deprives me of the opportunity to go forward."  He said he had not raised this argument in the state court in Allen Parish because that court is dealing with his sexual assault claim and "in order to prosecute this claim of constitutionality I have to bring it to a different court."

At the conclusion of plaintiff's testimony, defense counsel stated defendants' position that plaintiff's medical/mental health records had been provided to the state court judge in connection with Mahogany's civil suit, but that the DOC does not provide those same records to inmates because it creates a security risk.  She identified the DOC regulation in question as La. Rev. Stat. § 15:574.12.

In response, Mahogany stated that he had sued the DOC and some individual officials in the Allen Parish state court case, but that he had never received any sort of response from the defendants.  He also stated that defendants had impeded his ability to list witnesses in connection with the case in Allen Parish.  He said he had asked the judge in Allen Parish to compel that information concerning witnesses, but his request is "on hold," or pending.

After the telephone conference, plaintiff filed three motions:  (1) a request for issuance of a new summons to defendant Debra Rutledge, whom he identified as a lawyer for the DOC, Record Doc. No. 16; (2) a motion for declaratory judgment, in which he expanded upon his testimony and submitted legal citations and argument in support of his claim, "seeking to have Louisiana Department of Corrections Regulation No. B-06-001 HC-33 declared unconstitutional" because it violates Article 5, § 16(A) of the Louisiana Constitution by divesting district courts of original jurisdiction, Record Doc. No. 18 at p.1; and (3) a "Motion/Request for Order Pursuant to Rule 7(b)(1)," in which

4

United States Magistrate Judge

he reiterated his allegations and arguments and requested injunctive relief in the form of "arrest and charging of all persons" responsible for the conduct alleged in his complaint. Record Doc. No. 22.

## ANALYSIS

### I.   STANDARDS OF REVIEW

"A federal court may dismiss a claim in forma pauperis 'if satisfied that the action is frivolous or malicious.'" Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (quoting former 28 U.S.C. § 1915(d), now incorporated in 28 U.S.C. § 1915(e), as amended). A complaint is frivolous "if it lacks an arguable basis in law or fact." Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

The purpose of a Spears hearing is to dig beneath the conclusional allegations of a pro se complaint, to ascertain exactly what the prisoner alleges occurred and the legal basis of the claims. Spears, 766 F.2d at 180. "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more

comfortable to many prisoners." Davis, 157 F.3d at 1005. The information elicited at such an evidentiary hearing is in the nature of an amended complaint or a more definite statement under Fed. R. Civ. P. 12(e). Wilson v. Barrientos, 926 F.2d 480, 481 (5th Cir. 1991); Adams v. Hansen, 906 F.2d 192, 194 (5th Cir. 1990). "Upon development of the actual nature of the complaint, it may also appear that no justiciable basis for a federal claim exists." Spears, 766 F.2d at 182.

The court may make only limited credibility determinations in a Spears hearing, Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997) (citing Cay v. Estelle, 789 F.2d 318, 326-27 (5th Cir. 1986), overruled on other grounds by Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728 (1992)), and may consider and rely upon documents as additional evidence, as long as they are properly identified, authentic and reliable. "The Court should allow proper cross-examination and should require that the parties properly identify and authenticate documents." Id. (citing Wilson, 926 F.2d at 482-83; Williams v. Luna, 909 F.2d 121, 124 (5th Cir. 1990)).

After a Spears hearing, the complaint may be dismissed as legally frivolous if it lacks an arguable basis in law, Jackson v. Vannoy, 49 F.3d 175, 176-77 (5th Cir. 1995); Moore v. Mabus, 976 F.2d 268, 269 (5th Cir. 1992), or "as factually frivolous only if the facts alleged are 'clearly baseless,' . . . [or] when the facts alleged rise to the level of the irrational or wholly incredible." Id. at 270.

6

"'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'" Davis, 157 F.3d at 1005 (quoting McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997)).  "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under the section 1915(d) standard is not."  Moore, 976 F.2d at 269.  A prisoner's in forma pauperis complaint which fails to state a claim may be dismissed sua sponte at any time under 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1).

In this case, plaintiff's Section 1983 complaint may be dismissed under 28 U.S.C. § 1915(e) and 42 U.S.C. § 1997e(c)(1), either as frivolous because it lacks an arguable basis in law or under Rule 12(b)(6) in light of his testimony explaining the factual basis of his claims.  Plaintiff's Section 1983 complaint, as amended by his testimony at the Spears hearing, fails to state a claim under the broadest reading,[1] and his state law claims should be dismissed without prejudice in the absence of any federal claim.

---

[1] Pro se civil rights complaints must be broadly construed, Moore, 30 F.3d at 620, and I have broadly construed the complaint in this case.

II.     FIRST AMENDMENT ACCESS TO THE COURTS

Mahogany alleges that defendants' application of the DOC regulation concerning medical records and their failure to assist him in the identification and production of witnesses in connection with his pending state court civil case have denied him the kind of access to the courts protected by the First Amendment. Prisoners have a First Amendment right of meaningful access to the courts through adequate law libraries or assistance from legally trained personnel. Bounds v. Smith, 430 U.S. 817, 828 (1977); Pembroke v. Wood County, 981 F.2d 225, 229 (5th Cir. 1993). However, "[w]hile the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." Eason v. Thaler, 73 F.3d 1322, 1328 (5th Cir. 1996) (quotation omitted) (emphasis added).

Significantly, to state a claim that his constitutional right of access to the courts was violated, Mahogany must demonstrate that his position as a litigant was actually prejudiced. Lewis v. Casey, 518 U.S. 343, 356 (1996); Cochran v. Baldwin, No. 05-20100, 2006 WL 2418945, at *1 (5th Cir. Aug. 18, 2006); Eason, 73 F.3d at 1328; Walker v. Navarro County Jail, 4 F.3d 410, 413 (5th Cir. 1993). The inmate must "demonstrate that the alleged shortcomings . . . hindered his efforts to pursue a legal claim." Lewis, 518 U.S. at 351.

Mahogany wholly fails to establish the foregoing essential elements of his First Amendment claim in either his complaint or his testimony in two distinct ways. First, it is clear that plaintiff has submitted materials sufficient to prosecute his civil case in state court. He testified that he previously obtained a court order concerning his medical records and has filed a motion with the state court that is still pending. Therefore, it must be concluded that his First Amendment right, which encompasses nothing more than the ability to prepare and transmit a necessary legal document to a court, Eason, 73 F.3d at 1328, was not violated.

Second, it is clear that no actual legal prejudice to Mahogany's position as a litigant of the type required by Lewis was caused by any action or omission of the defendants. "[C]ausation is an element of a section 1983 claim; [defendants'] actions must have actually caused the deprivation . . . of which [plaintiff] complains." Hart v. O'Brien, 127 F.3d 424, 446 (5th Cir. 1997), abrogated in part on other grounds as recognized in Spivey v. Robertson, 197 F.3d 772 (5th Cir. 1999). In Lewis, the Supreme Court made clear that an inmate must establish actual injury to state a claim for denial of his right of access to the courts.

In examining the particular claims of the inmates in the Lewis case, the Court stated that the First Amendment right of prisoners to access to the courts is the right to "have a reasonably adequate opportunity to file nonfrivolous legal claims challenging

9

their convictions or conditions of confinement." <u>Lewis</u>, 518 U.S. at 356 (emphasis added). When a prisoner claims that defendants' actions have impeded his ability to prosecute a particular lawsuit, he fails to state a First Amendment claim for which relief can be granted if "[t]here has been no action in that suit adverse to Plaintiff or his claims." <u>Hawley v. Cline</u>, No. 1:06-cv-221, 2006 WL 1275285, at *2 (W.D. Mich. May 8, 2006).

  Applying the foregoing standard, Mahogany has <u>not</u> identified any actual injury in his state court case. To the contrary, he obtained a court order to which defendants have responded. He has been able to file in the state court a motion to compel defendants to provide him with witness information. It is also clear that he has been able to file all necessary pleadings in the instant civil case. <u>See</u> <u>Bell v. Mason</u>, 82 Fed. Appx. 401, 2003 WL 22903120, at *1 (5th Cir. 2003) (plaintiff's argument that he was denied access to the courts was "frivolous as Bell was allowed to file his complaint and was given ample opportunity to develop his claims") (citing <u>Lewis</u>, 518 U.S. at 355-56).

  Furthermore, to whatever extent, if any, that Mahogany seeks an order of this court directing the state court judge to take some action concerning his pending state court proceedings, such an order is both unnecessary and beyond this court's authority. It is unnecessary because all plaintiff has to do is persist in his pending state court motion or file another one. His testimony establishes that he has had full access to the state court

10

in connection with his pending civil claim.  It is also clear that a federal court has no power to direct a state court or its judicial officers in the performance of their duties when mandamus is the relief sought.  See In re Campbell, 264 F.3d 730, 731 (7th Cir. 2001); Santee v. Quinlan, 115 F.3d 355, 356-57 (5th Cir. 1997); Russell v. Knight, 488 F.2d 96, 97 (5th Cir. 1973); Moye v. Clerk, 474 F.2d 1275, 1276 (5th Cir. 1973); Lamar v. 118th Judicial Dist. Ct., 440 F.2d 383, 384 (5th Cir. 1971); White v. Stricklin, No. 3:02-CV-688-D, 2002 WL 1125747, at *2 (N.D. Tex. May 23, 2002) (Fitzwater, J.); Norman v. Louisiana S. Ct., No. 01-2225, 2001 WL 881298, at *1 (E.D. La. Aug. 3, 2001) (Duval, J.).  This court is without authority to order officials of the state court in which plaintiff's case is pending to treat his claims in any particular way or to otherwise interfere with the rulings of its judges.

 For all of the foregoing reasons, Mahogany's claim concerning inadequate access to the courts is legally frivolous and fails to state a claim upon which relief can be granted under Section 1983.

III.     STATE LAW CLAIMS

Any state law claims asserted by plaintiff, including that defendants and/or the DOC regulation that they have applied have violated the Louisiana Constitution, are not within this court's supplemental subject matter jurisdiction in the absence of a cognizable federal claim. If my recommendation to dismiss plaintiff's Section 1983 claims is

11

accepted by the presiding district judge, plaintiff will have no federal claims remaining in this action, and the court will have no supplemental jurisdiction over his state law claims. 28 U.S.C. § 1367(a).

A district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." Id. § 1367(c)(3). The "general rule" in the Fifth Circuit "is to decline to exercise jurisdiction over pendent state law claims when all federal claims are dismissed or otherwise eliminated from a case prior to trial." Batiste v. Island Records, Inc., 179 F.3d 217, 227 (5th Cir. 1999) (citation omitted); accord Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988) ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims"); Yetiv v. Hall, 132 Fed. Appx. 1, 2005 WL 19500, at *3 (5th Cir. 2005); Smith v. Amedisys Inc., 298 F.3d 434, 447 (5th Cir. 2002).

In the instant case, no trial date has been set and the parties have not yet commenced discovery. These proceedings remain at the earliest screening stage for pro se and in forma pauperis complaints. If plaintiff's Section 1983 claims are dismissed as recommended above, no possible basis for federal subject matter jurisdiction will then be apparent from the face of this complaint. Accordingly, pursuant to Section 1367(c)

and having balanced the relevant factors of judicial economy, convenience, fairness and comity, the court should decline to exercise jurisdiction over Mahogany's state law claims and dismiss them without prejudice for all purposes contemplated by 28 U.S.C. § 1367(d). Yetiv, 2005 WL 19500, at *3; Parker & Parsley Petroleum Co. v. Dresser Indus., 972 F.2d 580, 587 (5th Cir. 1992); Newport Ltd. v. Sears, Roebuck & Co., 941 F.2d 302, 307 (5th Cir. 1991).

IV.   PENDING MOTIONS

For all of the reasons set forth above, plaintiff's complaint fails to state a cognizable Section 1983 claim, and in the absence of any federal claim, this court lacks jurisdiction over plaintiff's state law claims. Thus, there is no reason to re-serve defendant Rutledge, and there is no factual basis for declaratory or injunctive relief of any kind. For these reasons, plaintiff's three pending motions, Record Doc. Nos. 16, 18 and 22, should be denied.

## RECOMMENDATION

For all of the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's Section 1983 complaint be **DISMISSED WITH PREJUDICE** as legally frivolous and/or for failure to state a claim under 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1).

**IT IS FURTHER RECOMMENDED** that the state law claims asserted in the complaint be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1367(c).

**IT IS FURTHER RECOMMENDED** that plaintiff's pending motions, Record Doc. Nos. 16, 18 and 22, be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __8th__ day of November, 2006.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE